UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

CAROL BAILEY,

    Plaintiff,

v.

REGION V OF THE FEDERAL
GOVERNMENT, et al.,

    Defendant.

No. 14 C 10096
Judge James B. Zagel

## MEMORANDUM OPINION AND ORDER

I am dismissing the Complaint on the following grounds.

1. The only named defendant in the complaint—Region V of the Federal Government—is not a suable entity. In the Civil Cover Sheet, there are other identified defendants, only one of which is identified with a personal name, to wit, "State of Illinois Governor Pat Quinn," but there is no allegation of what suable action was taken by the Governor. The Circuit Court of Cook County is not a suable entity and neither are the defendants identified only as City of Chicago Contractors and Sub Contractors.

2. In response to my request for identifying names of other defendants, the plaintiff identified two lawyers by name. One is Victor Ebring and the other Brett Gallagher. The latter was, I infer, representing Plaintiff on either civil detentions at a hospital or an arrest under state law. Plaintiff met with Ebring to discuss Gallagher's work. I quote from Plaintiff's papers: "During the meeting I told Ebring that as a Vodou Highly initiated Priest I was distraught being represented by Gallagher."

3. The harms alleged by Plaintiff are vague and the perpetrators and actions are equally difficult to understand. Many names are mentioned, both persons and institutions, but

Plaintiff simply concludes that her bad experiences were caused by a laundry list of persons starting with persons such as the Attorney General of Illinois and moving down a long list of state, city employees, hospital directors, and private enterprises. Lawyers and psychiatrists are listed. What is offered to the reader of the complaint is Plaintiff's opinions without any back-up of these contentions, to put it in her words "what I contend is a Cabal of Corruption in local government, (as well as by local banks and financial institutions, via the Internet as first revealed by Edward Snowden about the NSA)."

4. On April 10, 2015, I entered an order noting that (a) the claims she has made belong, if anywhere, in state courts, (b) the complaint is impossibly broad embracing society as a whole and her failure to specify the nature of her "medical mental incarceration" leading to her incarceration several times between December 18, 2014 and March 2015.

Federal courts have the power to dismiss an entire complaint on the grounds that it is prolix, renders the claim unfocused, and is incomprehensible as a whole. *Lindell v. McCallum*, 352 F.3d 1107, 1110 (7th Cir. 2003); *Koll v. Wayzata State Bank*, 397 F.2d 124 (8th Cir. 1968); *Brainerd v. Potratz*, 421 F.Supp 836 (E.D.Ill. 1976) (The complaint filed by an attorney alleging the violation of his civil rights is stricken because the complaint was very long and argumentative, filled with conclusions of law and confusing theories of liability, making it impossible to create a meaningful response to the complaint.).

Accordingly, I am dismissing the Complaint (including its supplement of June 15, 2015) in its entirety.

ENTER:

James B. Zagel
United States District Judge

DATE: July 6, 2015